# United States Court of Appeals
## For the First Circuit

No. 19-1831

IVAN A. SEVER,

Plaintiff, Appellant,

v.

CITY OF SALEM, MASSACHUSETTS,

Defendant, Appellee.

Before

Lynch, Circuit Judge,
Souter, Associate Justice,[*]
and Lipez, Circuit Judge.

**JUDGMENT**

Entered: February 14, 2020

      We affirm the dismissal of this case. The sole basis asserted by the complaint for federal jurisdiction is federal question jurisdiction based on a purported claim under 42 U.S.C. § 1983 of denial of substantive due process. See 28 U.S.C. §§ 1331, 1343, 1367. Whether the standard for evaluating the substantive due process claim is a violation of fundamental rights, shocks the conscience, or both together, see DePoutot v. Raffaelly, 424 F.3d 112, 118 (1st Cir. 2005) (citing County of Sacramento v. Lewis, 523 U.S. 833, 846 (1998)) (stating that the test for violations of "substantive due process var[ies] depending on whether the challenged action is legislative or executive in nature"), these claims, arising out of enforcement of locally regulated speed limits, do not come close to asserting a due process claim. We have already so held when we affirmed the district court in Zotos v. Town of Hingham. No. 12-11126-JGD, 2013 WL 5328478, at *11-13, 12 n.7 (D. Mass. Sept. 19, 2013), aff'd, No. 13-2308 (1st Cir. 2015) (affirming dismissal on the basis that fining the plaintiff for violating speed limits did not "rise[] to the level of conscience-shocking behavior," id. at 12). We conclude that Sever's due process claims must be dismissed for a lack of subject matter jurisdiction. See Steel Co. v. Citizens for a Better Env't,

---

    [*]    The Hon. David H. Souter, Associate Justice (Ret.) of the Supreme Court of the United States, sitting by designation.

523 U.S. 83, 89 (1998) (stating that dismissal for lack of subject matter jurisdiction based on the inadequacy of the federal claim is appropriate in the rare situation "when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy'" (quoting Oneida Indian Nation of N.Y. v. County of Oneida, 414 U.S. 661, 666 (1974))).

The remainder of this dispute raises only questions of state law, which are not so "inextricably intertwined" with the substantive due process claim that exercising supplemental jurisdiction would be appropriate.  Lambert v. Fiorentini, No. 19-1406, 2020 WL 401499, at *4 (1st Cir. Jan. 24, 2020) (quoting Lopez v. Massachusetts, 588 F.3d 69, 81-82 (1st Cir. 2009)); see also Penate v. Hanchett, 944 F.3d 358, 369 (1st Cir. 2019) (discouraging the exercise of supplemental jurisdiction over a state law claim where the merits of the dismissed federal claim that provided federal subject matter jurisdiction were "not 'inextricably intertwined' with the merits of the state law claim").  Supplemental jurisdiction over the state law claims should not be exercised here.

Counsel for Plaintiff-Appellant is admonished not to continue to bring meritless federal litigation.  The federal claims are dismissed with prejudice.  Costs are awarded to the Appellee.

By the Court:

Maria R. Hamilton, Clerk

cc:
Frederic Peter Zotos
Joseph Adam Padolsky
Megan K. Baker